Joseph R. ADAMS, et al., Plaintiffs,

v.

**PITTSBURG STATE UNIVERSITY
and the Kansas Board of
Regents, Defendants.**

Gary BEQUETTE, et al., Plaintiffs,

v.

**WICHITA STATE UNIVERSITY
and the Kansas Board of
Regents, Defendants.**

Nos. 90–4122–R, 90–4123–S.

United States District Court,
D. Kansas.

Aug. 23, 1993.

Brad E. Avery, Kansas Ass'n of Public Employees, Topeka, KS, for plaintiffs and intervenor/plaintiff.

Carl A. Gallagher, Office of the Atty. Gen., Topeka, KS, for defendants.

### *MEMORANDUM AND ORDER*

ROGERS, District Judge.

These are two consolidated cases which allege violations of the Fair Labor Standards Act (FLSA) in the payment of university policemen. Plaintiffs in Case. No. 90–4122 are current or former university policemen at Pittsburg State University. Plaintiffs in Case No. 90–4123 are current or former university policemen at Wichita State University. These cases are now before the court upon cross-motions for summary judgment.

*Summary Judgment Standards*

In considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the nonmoving party. *Barber v. General Electric Co.*, 648 F.2d 1272, 1276 n. 1 (10th Cir. 1981). Summary judgment is proper only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Under this rule, the initial burden is on the moving party to show the court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The moving party's burden may be met when that party identifies those portions of the record which demonstrate the absence of a genuine issue of material fact. *Id.*, at 323, 106 S.Ct. at 2552–53.

Once the moving party has met these requirements, the burden shifts to the party resisting the motion. The non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.*, at 322, 106 S.Ct. at 2552. The party resisting the motion "may not rest upon the mere allegations or denials of his pleadings ..." to avoid summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The mere existence of a scintilla of evidence will not avoid summary judgment; there must be

**320**

sufficient evidence on which a jury could reasonably find for the nonmoving party. *Id.,* at 251, 106 S.Ct. at 2511 (quoting *Improvement Co. v. Munson,* 81 U.S. (14 Wall.) 442, 448, 20 L.Ed. 867 (1872)).

*Factual Background and Primary Issues*

There is no dispute concerning the facts upon which the rulings in this order are based. Upon the advice of the Division of Personnel Services of the Kansas Department of Administration, on or about April 18, 1986, defendants caused plaintiffs' jobs to change from a forty-hour workweek to a forty-three hour workweek. This continued at Pittsburg State until November 5, 1989 and until December 18, 1989 at Wichita State. No overtime was paid during this period unless plaintiffs worked more than 43 hours a week.

Plaintiffs are currently paid on the basis of a 40–hour workweek. The change back to the 40–hour workweek at Pittsburg State and Wichita State occurred after actions by the Department of Labor prompted similar changes at other universities in Kansas. The position of the Department of Labor was that university policemen should be paid overtime after working 40 hours in a week.

Plaintiffs claim they are entitled to overtime compensation for when they worked in excess of 40 hours in a workweek. Defendants make two arguments in their summary judgment motion: first, that plaintiffs are not entitled to overtime compensation unless they worked more than 43 hours a week; and, second, that defendants have a good faith defense to any liability pursuant to 29 U.S.C. § 259.[1]

*Statutory Construction*

■ The first issue the court shall address is one of statutory construction, i.e., whether the FLSA requires plaintiffs to be paid overtime after working 40 or 43 hours in a workweek. Section 207(a) of Title 29 United States Code provides the general rule for the 40–hour workweek.

(1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

"[A]n enterprise engaged in commerce or in the production of goods for commerce" means "an enterprise that— ... (B) is engaged in the operation of ... an institution of higher education." 29 U.S.C. § 203(s)(1). Therefore, if plaintiffs, who are college policemen, are considered "engaged in the operation of an institution of higher education," then they are covered by the provision of § 207(a), which requires that they receive compensation for overtime if they work more than 40 hours a week.

It is undisputed that university policemen were protected by the 40–hour workweek provisions of the FLSA after the act was amended to cover schools, hospitals and other institutions in 1966.

In 1974, in an effort to further broaden the coverage of the FLSA so that most state and local employees, including law enforcement employees, were covered by its provisions, Congress passed more amendments to the statute. Special provisions were made for public agency employees engaged in law enforcement and fire protection activities. 29 U.S.C. § 207(k). These employees were excepted from the general 40–hour workweek provisions of § 207(a). Instead, employers

---

1. Plaintiffs have argued that neither of defendants' defenses were sufficiently pleaded in defendants' answers. At oral argument upon the instant motions, the court extended leave to amend defendants' answers to clear up any issue of this nature. Since a final pretrial order had already been filed, perhaps the court should have granted leave to amend the final pretrial order. In any event, the court believes the parties have been aware of the issues discussed in this order virtually from the outset. Although some confusion may exist as to the statutory foundation for the defenses asserted by defendants, and it is unfortunate this was not cleared up in written discovery, the court believes it is better, and not unduly prejudicial to plaintiffs, to examine the merits of the defenses rather than to decide these matters upon technical pleading grounds.

were not required to pay overtime to these employees until a greater number of hours were worked in a workweek. The amount of hours required before overtime would be paid was lowered in the years following 1974, pursuant to statute. Currently, the statute provides:

> No public agency shall be deemed to have violated subsection (a) of this section with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities (including security personnel in correctional institutions) if—
>
> (1) in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed the lesser of (A) 216 hours, or (B) the average number of hours (as determined by the Secretary pursuant to section 6(c)(3) of the Fair Labor Standards Amendments of 1974) in tours of duty of employees engaged in such activities in work periods of 28 consecutive days in calendar year 1975; or
>
> (2) in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours (or if lower, the number of hours referred to in clause (B) of paragraph (1)) bears to 28 days,
>
> compensation at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(k). The effect of this provision is that public agencies do not have to pay overtime to employees primarily engaged in law enforcement unless those employees work more than 43 hours a week. 29 C.F.R. § 553.230.

"Law enforcement activities" is defined by agency regulations published at 29 C.F.R. § 553.211:

> (a) As used in sections 7(k) and 13(b)(20) of the Act, the term "any employee . . . in law enforcement activities" refers to any employee (1) who is a uniformed or plainclothed member of a body of officers and subordinates who are empowered by State statute or local ordinance to enforce laws designed to maintain public peace and order and to protect both life and property from accidental or willful injury, and to prevent and detect crimes, (2) who has the power to arrest, and (3) who is presently undergoing or has undergone or will undergo on-the-job training and/or a course of instruction and study which typically includes physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid and ethics.

Under this definition, plaintiffs are or were engaged in "law enforcement activities" in their jobs as college policemen. See K.S.A. 22–2401a(3) (jurisdiction and powers of university policemen); K.S.A. 76–726 (powers, duties and functions of university policemen); and K.S.A. 74–5601, et seq. (training requirement for law enforcement officers).[2]

There is no statutory provision or regulation which explicitly states whether university policemen are covered under the provisions of § 207(a) or § 207(k). In 1976, the U.S. Department of Labor issued a letter ruling which stated: "Campus police employed by publicly operated institutions of higher education, including junior colleges, are engaged in employment which was subject to the Act [i.e., the FLSA] before the 1974 Amendments and, therefore, do not

---

2. Plaintiffs have argued that they are exempted from the provisions of § 207(k) because of the "twenty percent limitation" set out in 29 C.F.R. § 553.212. Under this regulation, if persons engaged in law enforcement activities also engage in "nonexempt work which is not performed as an incident to or in conjunction with their . . . law enforcement activities" for more than 20% of their total hours, then they are protected under the general rule of § 207(a), not the special pro-

visions for law enforcement personnel in § 207(k). For the purposes of the cross-motions for summary judgment, it has not been conclusively demonstrated that the non-exempt work which plaintiffs allege they performed was done "as an incident to or in conjunction with" their law enforcement activities. Therefore, we will proceed upon the assumption that plaintiffs meet the regulatory definition of law enforcement activities for purposes of coverage under § 207(k).

come within the scope of the overtime pay exemptions provided in section [207(k) or 213(b)(20) ] of the Act. See 29 CFR 553.8(b), which makes this clear." Exhibit I, Defendants' Memorandum in support of Summary Judgment. The letter ruling relied upon the statements of Rep. Quie of Minnesota in the Congressional Record, March 28, 1974. In response to a question from Rep. Mizell of North Carolina, Rep. Quie, the ranking member of the General Labor Subcommittee, stated that ambulance or rescue workers previously covered under the FLSA and whose activities are substantially related to fire protection or law enforcement activities, would not fall under the provisions of § 207(k). He stated:

> "[I]f the employer was covered by the overtime provisions of section [207] of the act prior to these amendments, then its employees would not by operation of the conference report be brought under section [207(k) ]. That section only related to treatment for overtime purposes of employers newly covered by section [207] of the act."

See Exhibit D to Defendants' Memorandum in support of Summary Judgment. The Chairman of the General Labor Subcommittee, Rep. Dent of Pennsylvania, concurred with this comment. *Id.* It is undisputed that the Department of Labor has maintained this position in its actions regarding overtime pay to campus policemen at other universities in Kansas. A similar position is also stated in regulations regarding ambulance and rescue service employees, 29 C.F.R. § 553.215(b).

The Tenth Circuit has set forth the following guidelines for analyzing issues of statutory construction.

> When called upon to interpret a statute, the court must first examine the statutory language itself. *United States v. Turkette,* 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981); *Wilson v. Stocker,* 819 F.2d 943, 948 (10th Cir.1987). When the language of the statute is clear and unambiguous, judicial inquiry is complete and that language controls absent rare and exceptional circumstances. *Rubin v. United States,* 449 U.S. 424, 430, 101 S.Ct. 698,

701, 66 L.Ed.2d 633 (1981); *Wilson,* 819 F.2d at 948. A Court should venture into the thicket of legislative history only when necessary to determine "a statutory purpose obscured by ambiguity." *Burlington Northern R.R. Co. v. Oklahoma Tax Comm'n,* 481 U.S. 454, 461, 107 S.Ct. 1855, 1860, 95 L.Ed.2d 404 (1987).

*O'Connor v. U.S. Dept. of Energy,* 942 F.2d 771, 773 (10th Cir.1991). Additionally, it must be noted that the interpretation of the Department of Labor is entitled to deference unless it is inconsistent with the statutory language. *Crocker v. Piedmont Aviation, Inc.,* 933 F.2d 1024, 1027 (D.C.Cir.1991).

We believe the statutory language is unclear and ambiguous. Employees of institutions of higher learning are covered by the 40–hour workweek provisions of § 207(a). Employees of public agencies who are engaged in law enforcement activities are covered by the provisions of § 207(k). University policemen could reasonably be categorized under either label. There is no specific statutory language which states how university policemen should be treated. It is consistent with the purpose of the statute, the intent of the Congress, and the interpretation of the Department of Labor to rule that university policemen who were covered by the provisions of § 207(a) prior to the amendments of 1974, are still covered by those provisions, rather than the language of § 207(k). Accordingly, we accept plaintiffs' construction of the statute and find that defendants violated the FLSA when they failed to pay plaintiffs overtime compensation after plaintiffs worked more than 40 hours in a workweek.

*Good Faith*

█ Under 29 U.S.C. § 216(b), an employer who violates the overtime pay requirements of the FLSA is liable to its employees for the unpaid overtime compensation and an additional equal amount as liquidated damages. There are two sections of the FLSA which discuss a good faith defense to liability for failure to pay overtime compensation. Section 259 of Title 29 United States Code provides for complete immunity from any liability or punishment if an employer "pleads and proves that the act or omission complained of was in good faith in conformity

with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of the [Administrator of the Wage and Hour division of the Department of Labor] ... or any administrative practice or enforcement policy of such agency with respect to the class of employers to which [the employer] belonged." Section 260 of Title 29 United States Code provides a limited defense to liability for unpaid overtime compensation. Under this provision, the court, in its discretion, may refuse to award liquidated damages or award a reduced amount of liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [Act]." 29 U.S.C. § 260. Defendants' amended answer does not identify a specific statutory foundation for their good faith defense. Although we construe defendants' answer as making a general claim of good faith under both statutory sections, defendants' summary judgment motion appears to assert only the defense under § 259. Therefore, we shall limit our discussion to that issue.

Defendants have stated that they relied upon the statutory language of the FLSA, two federal regulations, and a Department of Labor publication when they established the 43–hour workweek. The statute cited is § 207(k). The regulations are 29 C.F.R. § 553.211, which is the regulatory definition of "law enforcement activities," and 29 C.F.R. § 553.215(b), which relates to ambulance and rescue service employees. The Department of Labor publication is titled "Institutions of Higher Education under the Fair Labor Standards Act."

Several cases from this district have noted that the good faith defense under § 259 is intended to protect employers who innocently rely upon the law as it has been passed down to them by government agencies; it is not intended to permit employers to be their own judge of whether there has been an FLSA violation. For this reason, defendants must demonstrate that they relied upon a written interpretation of the FLSA by the Administrator of the Wage and Hour Division

sion which specifically addresses the alleged violation. See *Burnison v. Memorial Hospital, Inc.,* 820 F.Supp. 549, 557–58 (D.Kan. 1993); *Reich v. IBP, Inc.,* 820 F.Supp. 1315, 1328 (D.Kan.1993); *Renfro v. City of Emporia,* 732 F.Supp. 1116, 1119 (D.Kan.1990) *aff'd,* 948 F.2d 1529 (10th Cir.1991).

Defendants cannot make such a showing in this case. Section 207(k) is part of the FLSA itself—not an interpretation of the FLSA by the Administrator of the Wage and Hour Division. Furthermore, the section does not provide specific guidance on how to treat university policemen who were covered by the FLSA's overtime provisions prior to the establishment of the law enforcement provisions in 1974. The regulations cited by defendant also do not specifically address the alleged violation in this case. Indeed, they exemplify the ambiguity in the law. Section 553.211 of Title 29 of the Code of Federal Regulations provides the general definition of "law enforcement activities". However, the regulation does not state whether persons engaged in such activities should be regulated under § 207(k) if, prior to the enactment of § 207(k), they were covered as university employees under the general overtime provisions of § 207(a). Section 553.215(b) suggests that persons previously covered by the FLSA do not fall under the provisions of § 207(k) because "it was not the purpose of those Amendments to deny the Act's protection of previously covered and nonexempt employees." Therefore, these regulations are too general and unclear to provide a basis for a defense under § 259. See *Cole v. Farm Fresh Poultry, Inc.,* 824 F.2d 923, 927 (11th Cir.1987).

The Department of Labor publication also fails to provide a sufficient basis for a § 259 good faith defense. The document states that it "provides general information concerning the application of the FLSA to employees of private and public colleges." Attachment E to Plaintiffs' Response to Defendants' Motion for Summary Judgement, p. 1. It further states that it "is not to be considered in the same light as official statements of position contained in Interpretative Bulletins and other such releases formally adopted and published in the Federal Register." *Id.*

**324**

at p. i. It also invites specific questions about statutory requirements. *Id.* at p. 1. The publication makes an indirect reference to special overtime provisions for "public law enforcement" personnel. *Id.* at p. 5. But, this is too indefinite to support a good faith defense under § 259.

*Remaining Issues*

The remaining issues discussed in the cross-motions for summary judgment need not be decided in light of the court's rulings upon the above-mentioned issues. Two matters which were not discussed at length in the summary judgment motions are the question of willfulness for the purposes of the statute of limitations and the question of a good faith defense to liquidated damages under § 260. These two issues cannot be decided on the basis of the motions and record currently before the court. The court would encourage the parties to settle these issues. But, if a settlement cannot be reached, a trial shall be scheduled on September 27, 1993 at 9:30 a.m. to resolve the issues which remain in these cases.

*Conclusion*

In conclusion, defendants' motion for summary judgment is denied. Plaintiffs' motion for summary judgment is granted in part insofar as the court finds that defendants violated the FLSA. However, given the issues which remain in this case, a final judgment cannot be entered.

**IT IS SO ORDERED.**