Ellen M. JENSEN, Plaintiff,

v.

JOHNSON COUNTY YOUTH BASEBALL LEAGUE, Defendant.

No. 93–2256–JWL.

United States District Court, D. Kansas.

Nov. 1, 1993.

Kara T. Burgess, Brian J. Klopfenstein, Von Erdmannsdorff & Mowry, Kansas City, MO, for plaintiff.

Nancy M. Landis, Michael F. Delaney, Spencer, Fane, Britt & Browne, Kansas City, MO, for defendant.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This matter is before the court on defendant Johnson County Youth Baseball League's motion to dismiss for lack of subject matter jurisdiction (Doc. # 5). The motion is opposed by plaintiff. For the reasons set forth below, defendant's motion is granted.

### FACTUAL BACKGROUND

Plaintiff Ellen Jensen brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991 and the Equal Pay provision of the Fair Labor Standards Act, 29 U.S.C. § 206.[1] Plaintiff alleges that she worked for defendant since 1986 performing a variety of functions. Plaintiff claims that she was terminated in early 1993. Plaintiff alleges that immediately after her termination, defendant hired a man to perform similar duties as the plaintiff had performed but at a higher salary.

In lieu of answering plaintiff's complaint, defendant has filed this motion to dismiss claiming that this court lacks subject matter jurisdiction over plaintiff's Title VII and Equal Pay Act claims. Defendant asserts that it is not an "employer" as defined in Title VII. Defendant also contends that it is not an "enterprise" as defined in the Fair Labor Standard Act 29 U.S.C. § 203(s)(1) for purposes of the Equal Pay provision. Defendant has filed a sworn affidavit of its Treasurer to support these contentions.

In response to defendant's motion to dismiss, plaintiff has filed documentation to support her position that defendant is a Title VII employer and meets the threshold definition of an enterprise. This documentation includes defendant's payroll and other financial statements, team and umpire schedules, and a sworn affidavit of the plaintiff.

### DISCUSSION

Since federal courts are courts of limited jurisdiction, there is a strong presumption against federal jurisdiction. *Penteco Corp. Ltd. Partnership 1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir.1991). A court lacking subject matter jurisdiction "must dismiss the case at any stage of the proceeding in which it becomes apparent that such jurisdiction is absent." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974). When the jurisdiction of the federal court is challenged, the party invoking such jurisdiction bears the

---

1. Plaintiff's complaint also includes pendent state law and common law claims.

burden of establishing its existence. *Armstrong v. Goldblatt Tool Co.*, 609 F.Supp. 736, 737 (D.Kan.1985).

Since both the defendant and the plaintiff have attached extraneous materials in reference to this motion to dismiss, the court will first discuss whether to treat this motion as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction or a Rule 56 motion for summary judgment.[2]

*Nature of the Motion under Review*

▮ A 12(b)(1) motion is considered a "speaking motion" and can include references to evidence outside the pleadings without converting it to a Rule 56 motion. *Hancock v. Blue Cross and Blue Shield*, 1993 WL 62105 (D.Kan.1993); *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir.), *cert. denied*, 484 U.S. 986, 108 S.Ct. 503, 98 L.Ed.2d 501 (1987). A court has wide discretion to allow affidavits and other documents to resolve disputed jurisdictional facts under Rule 12(b)(1). *Wheeler*, 825 F.2d at 259. However, as a general rule, a Rule 12(b)(1) motion should not be converted into a Rule 56 motion for summary judgment. *Nichols v. United States*, 796 F.2d 361, 366 (10th Cir. 1986) (quoting 5 Wright & Miller, Federal Practice and Procedure # 1366 (Supp.1986)).

▮ However, an exception to this general rule exists when the jurisdictional question is meshed with the merits of the case. *Wheeler, supra*, 825 F.2d 257, 259 (10th Cir. 1987). Under this exception, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion.[3] *Wheeler*, 825 F.2d at 259; *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982); *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 733 (11th Cir. 1982). The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim

in the case. *Wheeler*, 825 F.2d at 259; *McEndree v. Wilson*, 774 F.Supp. 1292, 1294 (D.Colo.1991). When a federal statute serves as both the basis for the court's subject matter jurisdiction and the plaintiff's substantive claim, a court should assume jurisdiction and resolve the issue on the merits, unless the alleged cause of action is immaterial, insubstantial, or frivolous. *St. Mary of the Plains College v. Higher Education Loan Program of Kansas*, 724 F.Supp. 803, 805 (D.Kan.1989); *Clark v. Tarrant County, Texas*, 798 F.2d 736, 741 (5th Cir.1986) (citing *Bell v. Hood*, 327 U.S. 678, 681, 66 S.Ct. 773, 775, 90 L.Ed. 939 (1946)). If a dismissal is granted after the court assumes jurisdiction, such decision is made on the merits pursuant to Rule 56. *Clark, supra*, 798 F.2d at 741.

▮ In the present case, plaintiff's claims of federal jurisdiction are dependent upon her Title VII and Equal Pay Act allegations. First, Jensen cannot establish either subject matter jurisdiction or discrimination at the hands of an "employer" without first establishing that defendant satisfies the definition of a Title VII employer. *See Reith v. Swenson*, 1993 WL 108056 (D.Kan.) (finding that Title VII served as basis for both subject matter jurisdiction and the substantive discrimination claim). Second, in order to establish both federal subject matter jurisdiction and a violation of the Equal Pay provision of the Fair Labor Standards Act, Jensen must establish that defendant fulfills the definition of an "enterprise" for purposes of the Act. 29 U.S.C. § 203(s). Therefore, the court finds that the jurisdictional claim and the merits of this action are interwoven, and the motion should be treated as a Rule 56 motion for summary judgment. *Wheeler, supra*, 825 F.2d at 257; *Clark, supra*, 798 F.2d at 745.

▮ Generally, when the court determines that it must treat a motion to dismiss

---

2. The primary difference between these motions is not in the procedures used but in the effect the ruling will have upon the parties: a dismissal under Rule 12(b)(1) allows for the possibility of repleading the action to bring it within the subject matter jurisdiction of the court. A grant of summary judgment resolves the issue on the merits and does so with prejudice. *Indium Corp. of America v. Semi–Alloys, Inc.*, 781 F.2d 879,

884 (Fed.Cir.1985), *cert. denied*, 479 U.S. 820, 107 S.Ct. 84, 93 L.Ed.2d 37 (1986).

3. Because Rule 12(b)(6) imposes strict limitations on considering matters outside the complaint, the existence of extraneous materials in this case impedes converting this motion into a 12(b)(6) motion.

as a motion for summary judgment, the parties are given notice and an opportunity to provide additional filings before the court determines the outcome. *Phillips USA, Inc. v. Allflex USA, Inc.*, 150 F.R.D. 198 (D.Kan. 1993). However, the Tenth Circuit has held that when parties submit "material beyond the pleadings in support of or opposing a motion to dismiss, the prior action on the part of the parties puts them on notice that the judge may treat the motion as a Rule 56 motion." *Wheeler, supra*, 825 F.2d at 260. Therefore, in this case, where both parties have submitted materials beyond the pleadings, the court finds that no additional notice is required and will treat this motion as a Rule 56 motion for summary judgment.

### Summary Judgment Standard

When considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the nonmoving party. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985). If the moving party does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the movant meets these requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

The purpose of summary judgment is to eliminate "factually unsupported claims or defenses...." *Celotex Corp., supra*, 477 U.S. at 323–24, 106 S.Ct. at 2552–53. Failure to establish an essential element necessarily renders all other facts immaterial, leading to the conclusion that no genuine issue of material fact exists. *Id.* at 325, 106 S.Ct. at 2553. The moving party is then entitled to judgment as a matter of law because the opposing party has failed to establish an essential element with respect to which he or she has the burden of proof. *Id.*

### Title VII Claim

For purposes of Title VII, "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). Defendant argues that it does not meet this definition because it has never employed 15 or more employees for each working day in each of 20 or more calendar weeks in a calendar year. Defendant supports its contention based on the affidavit of its Treasurer. Plaintiff argues that this court should give a liberal reading to this definition and combine the weeks of 1992 and 1993 to find that defendant employed 15 or more employees for 20 or more calendar weeks. Plaintiff has submitted defendant's payroll records, tax returns, team and umpire schedules as well as her own affidavit.

When defining an "employer" as intended by 42 U.S.C. § 2000e(b), the first place to look is at the language of the statute. *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). When the language of the statute is clear and unambiguous, judicial inquiry is complete and that language controls absent rare and exceptional circumstances. *U.S. v. Turkette*, 452 U.S. 576, 580, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981); *Wilson v. Stocker*, 819 F.2d 943, 948 (10th Cir.1987).

The pertinent language of this statute is "twenty or more calendar weeks in the current or preceding calendar year." The literal meaning of the term "calendar year" is the period of twelve months between January 1 and December 31. *Bonray Oil Company v. Dept. of Energy*, 472 F.Supp. 899, 902 (D.Okla.1978). Under this statute, the twenty or more weeks must occur within a twelve month period between January 1 and December 31. *See Dumas v. Town of Mt. Vernon, Ala.*, 612 F.2d 974, 979–80 (5th Cir.1980). In addition, the "current" calendar year refers to the year that the alleged discrimination took place. *Norman v. Tyra Cosmetics, Inc.*, 756 F.Supp. 1060, 1062 (N.D.Ill.1990). Plaintiff alleges that she was

terminated in January, 1993 after being replaced by a male who was given a higher salary to do comparable work. Therefore, the court must look at 1991, 1992 and 1993 to determine if defendant employed 15 or more employees for 20 or more weeks in a calendar year.

 The court cannot identify, based upon the evidence, 20 or more calendar weeks in a calendar year in which the defendant employed fifteen or more employees. The court does not need to decide whether umpires are employees of the League as defined in § 2000e(b) or whether a "working day" means one in which a person must have actually worked. However, for purposes of this motion, the court has looked at the evidence in the light most favorable to the plaintiff and counted League umpires as employees and working days as those when the league is active. Yet, the number of weeks in a calendar year in which the league employs 15 or more persons falls well below 20 weeks in any calendar year.[4]

Plaintiff urges this court to look at a span of time greater than one calendar year to determine whether the defendant satisfies the definition of an employer. Plaintiff argues that the court should count the weeks of 1992 and 1993 to determine the necessary level. To accept plaintiff's argument, the court would have to interpret "current *or* preceding calendar year" as meaning current *and* preceding calendar year. The court declines to change the plain meaning of this statute.

 Plaintiff also argues that Title VII is remedial in nature and is designed to stop discrimination. Therefore, she urges this court to apply the broadest interpretation of "employer" and permit her to combine the weeks of 1992 *and* 1993 to meet this definition. However, this court cannot invalidate the express terms of a federal statute on

grounds of applying a policy of liberal construction, regardless of the ultimate ends that would be furthered. *Ditch v. Board of County Commissioners of the County of Shawnee,* 650 F.Supp. 1245, 1251 (D.Kan. 1986).

Defendant is not an "employer" under 42 U.S.C. § 2000e(b) because it does not employ 15 or more persons for 20 or more weeks in a calendar year. Therefore, the court must dismiss plaintiff's Title VII claim for lack of subject matter jurisdiction, granting the defendant summary judgment.

*Equal Pay Act Claim*

For purposes of the Equal Pay Act, "if a business is an 'enterprise engaged in commerce or in the production of goods for commerce,' every employee employed in such enterprise or by such enterprise is within the coverage" of the Act. 29 C.F.R. § 1620.7.[5] Therefore, the issue of whether Jensen is covered under this Act turns on the issue of whether defendant is an "enterprise engaged in commerce or in the production of goods for commerce."

The Fair Labor Standards Act defines an "enterprise engaged in commerce or in the production of goods for commerce," in pertinent part, as one that:

(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

(ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 . . . ." 29 U.S.C. § 203(s)(1)(A).

Defendant argues that it does not meet the latter part of this definition in that its annual gross volume of sales made or business done is less than $500,000.[6] Plaintiff argues that

---

**4.** Using plaintiff's calculations, the defendant's summer league operations functioned from May 1, 1993 through July 25, 1993 and from May 18, 1992 through August 15, 1992, approximately thirteen and twelve weeks respectively. The defendant's fall league operated for at most a few weeks each year.

**5.** The interpretation of the Department of Labor is entitled to deference unless it is inconsistent with the statutory language. *Adams v. Pittsburg State University,* 1993 WL 387970 (D.Kan.1993); *Crocker v. Piedmont Aviation, Inc.,* 933 F.2d 1024, 1027 (D.C.Cir.1991).

**6.** For purposes of this motion, the court will not initially determine whether defendant meets sub-

the combination of defendant's total income as reported on its Profit & Loss Statement and the value of the land leased by the defendant should be considered in calculating the $500,000.[7] The court finds no authority to support plaintiff's proposition that the value of leased land should be included in this calculation.

■ For purposes of this motion, the court does not need to determine the exact meaning of "gross volume of sales made or business done." However, the United States Supreme Court has consistently interpreted this language as being intended to dispel any uncertainty that *revenue* derived from services, rentals, or loans should be included in the dollar-volume limitation of § 203(s) even though these activities do not literally constitute "sales". *Falk v. Brennan*, 414 U.S. 190, 197, 94 S.Ct. 427, 432, 38 L.Ed.2d 406 (1973); *Brennan v. Arnheim & Neely, Inc.*, 410 U.S. 512, 520, 93 S.Ct. 1138, 1143, 35 L.Ed.2d 463 (1973). Defendant did not directly derive revenue or business by entering into this lease. In fact, by entering into the lease, the defendant has an added fixed expense. Therefore, the valuation of "annual gross volume of sales made or business done" cannot include the value of defendant's leased land.

■ The court has looked at the evidence, excluding the value of leased land, in the light most favorable to the plaintiff. However, the court finds that the defendant does not meet the dollar-limitation threshold of $500,000 in annual gross volume of sales made or business done. Therefore, the defendant is not an "enterprise engaged in commerce or in the production of goods for commerce" as defined in § 203(s) of the Fair Labor Standards Act. Consequently, Jensen, as defendant's employee, is not covered under the Equal Pay provision of this Act. The court must dismiss plaintiff's Equal Pay Act claim for lack of subject matter jurisdiction, granting the defendant summary judgment.

part (i) of this definition because the motion will be able to be decided if defendant does not meet subpart (ii).

7. Based on the evidence, defendant's total income in 1992 was approximately $318,259. Defendant also entered into a lease for the purchase

IT IS, THEREFORE, BY THE COURT ORDERED THAT the motion of defendant Johnson County Youth Baseball League to dismiss (Doc. # 5) is granted.

**IT IS SO ORDERED.**

of land which calls for annual payments of $40,000 until a final payment in the sum of $400,000 is made in 2005. Defendant lists $108,000 in assets on its 1992 income tax return which plaintiff contends consists of lease payments and expenses to improve the land.