**Nancy BURDETT, Plaintiff,**

**v.**

**ABRASIVE ENGINEERING & TECHNOLOGY, INC., et al., Defendant.**

**Civil Action No. 97–2167–KHV.**

United States District Court, D. Kansas.

Oct. 31, 1997.

John B. Gage, II, Gage Law Firm, P.C., Overland Park, KS, for Nancy Burdett.

William S. Robbins, Jr., Kurlbaum, Stoll, Seaman, Reefer Suter & Mustoe, P.C., Kansas City, MO, for Abrasive Engineering & Technology, Inc. and Robert A. Krueger.

Richmond M. Enochs, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, for Sloan, Listrom, Eisenbarth, Sloan & Glassman, Sloan, Listrom, Eisenbarth, Sloan & Glassman, L.L.C., Eldon Sloan, Myron L. Listrom, Louis F. Eisenbarth, James W. Sloan, Arthur A. Glassman, Erle W. Francis, Ward D. Martin, Charles W. Smiley, Gary E. Laughlin, Thomas A. Valentine, Thomas L. Theis, James R. McEntire, Deanne Watts Hay, Ruth E. Graham, Alan V. Johnson, Gregory J. Bien, Stanley R. Parker, Michael E. Francis, Jeffrey W. Jones, Martha A. Peterson, David W. White, Derenda J. Mitchell, Rebecca S. Yocum and Jennifer Jo Stocker.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

On March 24, 1997, plaintiff filed suit against her former employer, Abrasive Engineering, Inc. [Abrasive], and its president, Robert A. Krueger. Plaintiff seeks damages for quid pro quo sexual harassment, hostile environment sexual harassment, and sexual discrimination [Count I] and retaliation [Count II] in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended.[1] This matter comes before the Court on *Defendants Abrasive Engineering & Technology, Inc. and Robert A. Krueger's Motion to Dismiss Counts I and II for Lack of Subject Matter Jurisdiction* (Doc. # 19) filed June 24, 1997. For reasons stated more fully below, the Court finds that defendants' motion should be denied.[2]

### Factual Background

Abrasive hired plaintiff in September, 1987, to work in its warehouse in Kansas City, Kansas. Plaintiff resigned on October 19, 1993. Plaintiff alleges sexual discrimination by her supervisor, Eric Krueger, acting individually and as Abrasive's agent. Plaintiff claims that her supervisor subjected her to a hostile work environment throughout her employment, and that she resigned because she was unable to tolerate further discrimination. Accordingly, she contends that defendants constructively discharged her.[3]

---

1. In Count III plaintiff claims that defendants also violated the Kansas Act Against Discrimination, K.S.A. 44–1001 et seq. [KAAD]. Further, in Counts IV through IX, plaintiff raises claims of professional malpractice against the Sloan Listrom law firm, which represented plaintiff in administrative hearings before the Kansas Commission on Civil Rights. None of those claims are before the Court in the present motion.

2. The Court hereby grants defendants' *Motion to Consider Out of Time Reply Suggestions in Support of Defendants Abrasive Engineering & Technology, Inc. and Robert A. Krueger's Motion to Dismiss Counts I and II for Lack of Subject Matter Jurisdiction* (Doc. # 43) filed October 9, 1997. Accordingly, the Court need not rule on defendants' *Motion for Extension of Time* (Doc. # 41) within which to file reply suggestions in support of defendants' motion to dismiss.

3. In her original complaint, plaintiff charged Eric Krueger with various acts of sexual harassment, including, for example, verbal obscenities,

Plaintiff also alleges sexual discrimination and/or retaliation by Abrasive's president, Robert Krueger, acting individually and as agent of Abrasive. Specifically, plaintiff alleges that Krueger discriminated and/or retaliated against her by belittling her complaints of sexual harassment on the part of her supervisor. Plaintiff contends that Krueger denied any offensive behavior by her supervisor, even though it had occurred in his presence, and claims that by failing to prevent such offensive behavior, Krueger tacitly approved the supervisor's conduct.

Defendants argue that the Court lacks subject matter jurisdiction over plaintiff's Title VII claim because Abrasive is not an "employer" as defined in Title VII. In support of their contentions, defendants have submitted a sworn affidavit by Krueger, along with payroll summaries for the period in question, and other documents. In response, plaintiff has filed affidavits of two former employees who recall that during the relevant period Abrasive employed 15 or more full-time and temporary employees.

### Applicable Standards

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir.1994). The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper. *Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir.1974). When federal jurisdiction is challenged, plaintiff bears the burden of showing why the case should not be dismissed. *Jensen v. Johnson County Youth Baseball*, 838 F.Supp. 1437, 1439–40 (D.Kan. 1993).

A court may convert a Rule 12(b)(1) motion to dismiss into a summary judgment proceeding in order to consider matters outside of the plaintiff's complaint. *Brown v. Zavaras*, 63 F.3d 967, 969 (10th Cir.1995) (citations omitted); *Jensen*, 838 F.Supp. at 1440–42 (Rule 12(b)(1) motion to dismiss,

with supporting affidavits showing that defendants did not satisfy requisite number of employees for Title VII coverage, appropriately treated as Rule 56 summary judgment motion).

Here, defendants submit affidavits and other materials in support of their motion, and plaintiff submits affidavits in her memorandum in opposition. Because the Court will consider these extraneous materials in deciding this motion, it treats defendants' motion as a Rule 56 motion for summary judgment.

### Summary Judgment Standard

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Federal. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986); *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1538–39 (10th Cir.1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2509. A "genuine" factual dispute requires more than a mere scintilla of evidence. *Id.* at 252, 106 S.Ct. at 2511.

The moving party bears the initial burden of showing that there is an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Hicks v. City of Watonga*, 942 F.2d 737, 743 (10th Cir.1991). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Securities, Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990); *see also Matsushita Elec. Indus. Co., limited, v. Zenith Radio Corporation*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d

displays of sexually suggestive cartoons, offensive body placement, physical touching, assault and battery, and sexually suggestive remarks. On August 29, 1997, the Court dismissed plaintiff's claims against Eric Krueger without prejudice,

after plaintiff failed to respond to the Court's order to show cause why service of the summons and complaint had not been made on Eric Krueger within 120 days from the filing of the complaint (Doc. # 38).

538 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party may not rest on its pleadings but must set forth specific facts. *Applied Genetics*, 912 F.2d at 1241.

"[W]e must view the record in the light most favorable to the parties opposing the motion for summary judgment." *Deepwater Invs., Ltd. v. Jackson Hole Ski Corporation*, 938 F.2d 1105, 1110 (10th Cir.1991). Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative. *Anderson*, 477 U.S. at 250–51, 106 S.Ct. at 2510–11. "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." *Conaway v. Smith*, 853 F.2d 789, 793 (10th Cir.1988). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson* at 251–52, 106 S.Ct. at 2511–12. Ever mindful of these summary judgment standards, the Court now turns to the merits of defendants' motion.

### Analysis

#### *Title VII Jurisdictional Requirements*

■ Title VII defines an "employer" as one who has "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). Defendants argue that Abrasive did not employ 15 or more employees for each working day in each of 20 or more calendar weeks during 1992 or 1993, the relevant period. Defendants support this argument with Krueger's affidavit, printed payroll summaries,[4] "confidential employee history" reports, and a copy of the "Employer's Quarterly Report and Contribution Form" which Abrasive filed with the Kansas Department of Human Resources. Defendants' evidence shows that the number of employees on Abrasive's payroll for at least 20 or more weeks did not exceed 12 employees in 1992, and 10 employees in 1993.

In an effort to defeat defendants' motion, plaintiff relies first on affidavits of two former employees who recall several employees whose names do not appear on defendants' payroll summary. One former employee, Michelle Norris, worked for Abrasive during 1992 and 1993. She contends that defendants' records do not reflect five employees who worked for Abrasive in 1992, and four employees who worked for Abrasive in 1993. The other former employee, Wanda Allen, claims to have worked for Abrasive for eight months in 1992. She confirms that defendants' records do not reflect either her own name or the names of the other four employees. Plaintiff argues that the testimony of these witnesses proves that defendants had the requisite number of employees in 1992, if not in 1993.

Abrasive's payroll records indicate that the five employees identified by plaintiff, including the former employee Allen, in fact worked for Abrasive, though not in 1992 or 1993.[5] Defendants argue that the record before the Court contains no probative evidence that Abrasive's payroll summaries are incomplete or under-inclusive or that plaintiff's affidavits are based upon accurate direct knowledge of the former employees.[6] Finally, defendants cite statements by Krueger, based on firsthand knowledge acquired through his maintenance of personnel files and his involvement in the hiring and firing of employees for Abrasive, refuting the assertions of plaintiff's two witnesses.

---

**4.** The payroll summaries are based upon Abrasive's payroll reports, receipts from temporary employment agencies, time slips from temporary employees, and time cards for casual workers, covering the years 1992, 1993, and 1994.

**5.** Defendants further note the absence of any corroborating evidence, such as a Form W–2, to prove that Allen worked for Abrasive during 1992. The Court agrees that the absence of

evidence showing that this witness actually worked for Abrasive during 1992 renders her testimony regarding additional unreported employees questionable.

**6.** Neither of the two former employees attests to any responsibility for personnel decisions during 1992 or 1993.

Defendants' evidence—especially the payroll records and the public records filed with the State of Kansas Department of Human Resources—may ultimately carry the day. Nevertheless, the Court must view the evidence in the light most favorable to plaintiff. Because plaintiff has supported her jurisdictional allegation with affidavits, she has established a genuine issue of material fact. Consequently, the Court finds that, with respect to the number of Abrasive employees in 1992, plaintiff has set forth specific facts showing there is a genuine issue for trial. The Court therefore denies defendants' motion to dismiss for lack of subject matter jurisdiction.[7]

■ With regard to calendar year 1993, plaintiff argues that Norris' testimony indicates that four employees not listed in defendants' records continued to work for Abrasive through at least the summer of 1993.[8] Plaintiff admits that even with the addition of those four employees, however, Abrasive does not meet the 15–employee jurisdictional requirement. Nevertheless, plaintiff argues that because defendants' payroll summary omits those employees, that summary is inherently suspect and unreliable. Accordingly, plaintiff concludes that the Court must presume that Abrasive had the requisite number of employees in 1993. *See E.E.O.C. v. Protek of Albuquerque, Inc.,* 49 Fair Empl. Prac.Cas. (BNA) 1110, 1988 WL 99367 (D.N.M.1988) (concluding that the plaintiff was entitled to a presumption that defendants met the statutory minimum due to the defendants' incomplete maintenance of documentation regarding the number of employees during the relevant period, which documentation subsequently was destroyed by fire; defendants presented no evidence to overcome presumption).

The Court rejects plaintiff's reasoning. The Court will not presume a genuine issue of material fact merely because otherwise undisputed evidence looks suspicious and unreliable to plaintiff. The testimony of the former employee Norris does not allege a sufficient number of additional employees to bring Abrasive within the 15–employee jurisdictional requirement. Viewing this testimony in a light most favorable to plaintiff, the Court divines no allegation showing sufficient material jurisdictional facts. Consequently, the Court finds that with respect to the number of Abrasive employees in 1993, plaintiff has not set forth specific facts showing a genuine issue for trial.

■ Plaintiff further resorts to the "joint employer" doctrine to prove that defendants had the requisite number of employees in 1993. Plaintiff argues that Abrasive used a temporary employment agency that employed 300 employees and that those employees should be counted for jurisdictional purposes. *See Virgo v. Riviera Beach Assocs., Ltd.,* 30 F.3d 1350, 1361 (11th Cir.1994) (holding that hotel and contractor were properly considered "joint employers" under Title VII, and that aggregation of the employees of both employers was appropriate for determination whether defendant met statutory threshold of 15 employees). The key issue in "joint employer" cases is whether the second employer (*i.e.,* Abrasive) exercised substantial control over significant aspects of the compensation, terms, conditions, or privileges of the "borrowed" employee's employment. *See Magnuson v. Peak Technical Servs., Inc.,* 808 F.Supp. 500, 507, 509 (E.D.Va.1992); *N.L.R.B. v. Gibraltar Indus., Inc.,* 307 F.2d 428 (4th Cir.1962). If an employer did not exercise such control, the employee is not deemed an employee of that employer. *See Kellam v. Snelling Personnel Servs.,* 866 F.Supp. 812 (D.Del.1994), *aff'd,* 65 F.3d 162 (3rd Cir.1995) (temporary workers assigned by employment agency were not "employees" of agency, for purpose of determining whether agency met 15–employee statutory thresh-

---

7. Although the Court overrules defendants' motion with this Order, in an effort to resolve the disputed issues of jurisdictional fact, the Court will conduct an evidentiary hearing on December 18, 1997.

8. Having examined the affidavit, the Court fails to understand why plaintiff believes that Norris testified "to the effect that four (4) other employees continued to work for defendant through at least the summer of 1993." Norris clearly testified that two of the employees worked during the "majority of 1993," one employee worked "at least into the summer of 1993," and one employee regularly worked "during the summers."

old, where agency exercised no control over temporary employees' job performance).

Plaintiff contends that for each week that defendants utilized temporary employees supplied by this 300–employee agency, defendants had well over 300 employees. This argument is not persuasive. Only those agency employees over whom Abrasive exercised control may be considered Abrasive's employees. Here, of the 300 agency employees, 294 performed no work for Abrasive and had no association with it. Accordingly, the Court cannot count those employees in determining whether Abrasive meets the statutory requirement of 15 or more employees. Moreover, even with the addition of the temporary employees who undisputedly worked for Abrasive during 1993, plaintiff does not meet the minimum requirement because the additional employees did not supply the requisite number for each working day in each of 20 or more calendar weeks.

Finally, plaintiff seeks to bolster her jurisdictional argument by referring to other agencies that allegedly provided temporary employees to Abrasive in 1993. Plaintiff cites the affidavit of former employee Norris, who specifically recalled that Abrasive obtained temporary employees from other agencies during 1992, 1993, and 1994. Norris stated that she examined the temporary employment records which defendants provided to plaintiff and determined that defendants had either destroyed or failed to maintain records of temporary employees obtained from other temporary agencies. Plaintiff insists that because defendants do not have records reflecting utilization of other temporary employment agencies, plaintiff is entitled to a presumption that such alleged records would have proved that Abrasive employed 15 or more employees during 1993. *See Protek,* 49 Fair Empl.Prac.Cas. (BNA) 1110, 1988 WL 99367.

Plaintiff offers no other evidence either to show that defendants maintained incomplete records or what records they had destroyed. More importantly, Norris' affidavit fails to allege that Abrasive employed any specific number of additional temporary employees in 1993. Even viewing this evidence in the light most favorable to plaintiff, the Court finds

that plaintiff has failed to establish a genuine issue of fact whether defendants utilized sufficient employees during 1993 to satisfy the 15–employee jurisdictional requirement.

Because the Court finds that plaintiff has established genuine issues of material fact with regard to the jurisdictional requirements—at least with respect to calendar year 1992—it declines to reach plaintiff's additional arguments attacking the admissibility of defendants' summary evidence under Fed. R.Evid. 1006. Likewise, the Court declines to reach plaintiff's alternative motion for additional discovery pursuant to Fed.R.Civ.P. 56(f).

**IT IS THEREFORE ORDERED** that *Defendants Abrasive Engineering & Technology, Inc. and Robert A. Krueger's Motion to Dismiss Counts I and II for Lack of Subject Matter Jurisdiction* (Doc. # 19) be and hereby is **OVERRULED.**

**IT IS HEREBY FURTHER ORDERED** that defendants' motion be and hereby is set for December 18, 1997, at 9:00 a.m., for an evidentiary hearing to determine whether during 1992, Abrasive Engineering, Inc., had 15 or more employees for each working day in each of 20 or more calendar weeks, as required by 42 U.S.C. § 2000e(b), *et seq.*, as amended.