Kathryn MILLS, Dale J. Nelson, Cynthia R. Nixon, Helen V. Rodriguez f/k/a Shipman, and Patricia A. Thompson, Plaintiffs,

v.

STATE OF KANSAS, EIGHTH JUDICIAL DISTRICT, and its representatives, Cecil Aska, Court Administrator, Eighth Judicial District, Becky J. Topliff, Chief Court Services Officer, Defendants.

No. Civ.A. 97–4097–DES.

United States District Court, D. Kansas.

Feb. 25, 1998.

Peter C. Rombold, Hoover, Schermerhorn, Edwards, Pinaire & Rombold, Chartered, Junction City, KS, for plaintiffs.

Eliehue Brunson, Topeka, KS, for defendants.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants' Motion to Dismiss (Doc. 8) pursuant to Rule 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure.

### I. INTRODUCTION

Plaintiffs are five present and former court services officers for the Eighth Judicial District, Riley County District Court. Plaintiffs filed a written grievance alleging that the State failed to follow affirmative action and equal employment opportunity requirements contained in an employee handbook when it promoted or reclassified Cecil Aska and Becky J. Topliff. Plaintiffs allege that Defendants engaged in retaliatory practices against them beginning on or about July 18, or July 21, 1994. Plaintiffs filed an administrative charge against Defendants with the Kansas Human Rights Commission ("KHRC") and with the Equal Employment Opportunity Commission ("EEOC") on or about March 21, 1995. Plaintiffs allege that the retaliatory acts intensified after their EEOC complaint was filed. The complaint lists the following as retaliation: (1) subjecting plaintiffs to a hostile work environment, (2) interfering with plaintiffs' opportunities for promotion and training, (3) ordering or advising other employees to shun plaintiffs, (4) excluding plaintiffs from management meetings or positions of temporary authority which otherwise would have been the responsibility of the plaintiffs, and (5) disciplining and evaluating plaintiffs in a manner different from other employees.

### II. RULE 12(b)(6) MOTION TO DISMISS STANDARD

The court may not dismiss a cause of action for failure to state a claim under Rule 12(b)(6) unless it appears beyond doubt that the claimant can prove no set of facts supporting its claim which would entitle it to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts, as distinguished from conclusory allegations, and must draw all reasonable inferences in favor of the non-movant. *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir.1991), *cert. denied*, 504 U.S. 912, 112 S.Ct. 1945, 118 L.Ed.2d 550 (1992); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support its claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

### III. RULE 12(b)(1) MOTION TO DISMISS STANDARD

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir.1994). "A court lacking jurisdiction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F.Supp. 279, 280 (D.Kan.1995) (citing *Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir.1974)); Fed.R.Civ.P. 12(h)(3). The party seeking to invoke a federal court's jurisdiction sustains the burden of establishing that such jurisdiction is proper. *Id.* When federal jurisdiction is challenged, the plaintiff

bears the burden of showing why the case should not be dismissed. *Jensen v. Johnson County Youth Baseball,* 838 F.Supp. 1437, 1439–40 (D.Kan.1993).

## IV. DISCUSSION

Title VII prohibits discriminatory employment practices based upon an "individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). Furthermore, Title VII prohibits an employer from retaliating against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII] or because he has made a charge ... under [Title VII]." 42 U.S.C. § 2000e–3.

In order to establish a *prima facie* case for retaliation in violation of Title VII, the plaintiffs must show the following: "(1) [they] engaged in protected opposition to statutorily prohibited discrimination; (2) the employer took adverse action contemporaneously or subsequent to the employee's protected activity; and (3) a causal connection exists between the employer's adverse action and the employee's protected activity." *Lowe v. Angelo's Italian Foods, Inc.,* 87 F.3d 1170, 1176 (10th Cir.1996).

■ In this case, plaintiffs have not alleged that they have been discriminated against based upon race, color, religion, sex, or national origin. As stated above, Title VII only prohibits employment discrimination based upon these grounds. Thus, the court does not believe that the situation of which the plaintiffs complain is considered statutorily prohibited discrimination, as is required in order to establish a *prima facie* case. *See Balazs v. Liebenthal,* 32 F.3d 151, 159 (4th Cir.1994) (where EEOC complaint is not based upon discrimination due to race, color, religion, sex, or national origin, claim is not cognizable under Title VII). Therefore, the court concludes that the plaintiffs have failed to state a claim upon which relief can be granted.

**IT IS THEREFORE BY THE COURT ORDERED** that the defendants' Motion to Dismiss (Doc. 8) is granted.