Patricia Faith SUMP and Rollin
E. Sump, Plaintiffs,

v.

PARONTO–MALL CONSTRUCTION,
INC., and R And F Construction,
Defendants.

No. 99–4043–DES.

United States District Court,
D. Kansas,
Topeka Division.

Nov. 16, 1999.

Patricia Faith Sump, Rollin E. Sump, Wakefield, KS, Pro se.

Lawton M. Nuss, Clark, Mize & Linville, Chtd., Salina, KS, Michael W. Ryan, Ryan, Condray & Ryan, LLC, Clay Center, KS, for Durwin Mall, Owner, Paronto–Mall Construction, Inc., Robert Knitter, Owner, R and F Construction.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on defendants' Motions to Dismiss (Docs. 6 and 7). The plaintiffs have filed a consolidated response to the two motions to dismiss (Doc. 10) and the court is now ready to rule.

## I. BACKGROUND

According to the complaint, the plaintiffs, who are proceeding *pro se,* are seeking relief based on the following causes of action: (1) Breach of Contract; (2) Professional Negligence; (3) Reprisal/Retaliation; (4) Libel and Slander/Defamation; (5) Assault; and (6) Mental Pain and Anguish/Infliction of Emotional Distress. All of the parties are residents of Kansas. The defendants claim that the court lacks subject matter jurisdiction in this case because none of the plaintiffs' claims arise under federal law and there is no diversity of citizenship.

## II. STANDARD FOR MOTION TO DISMISS UNDER RULE 12(b)(1)

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *Castaneda v. INS,* 23 F.3d 1576, 1580 (10th Cir.1994). "A court lacking jurisdiction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Scheideman v. Shawnee County Bd. of County Comm'rs,* 895 F.Supp. 279, 280 (D.Kan.1995)(citing *Basso v. Utah Power and Light Co.,* 495 F.2d 906, 909 (10th Cir.1974)); Fed.R.Civ.P. 12(h)(3). The party seeking to invoke a federal court's jurisdiction sustains the burden of establishing that such jurisdiction is proper. *Id.* When federal jurisdiction is challenged, the plaintiff bears the burden of showing why the case should not be dismissed. *Jensen v. Johnson County Youth Baseball League,* 838 F.Supp. 1437, 1439–40 (D.Kan.1993).

## III. ANALYSIS

This court only has jurisdiction to hear this case if the parties are diverse or if the action arises under federal law. There is no allegation that diversity of citizenship exists, therefore, the plaintiffs must show that this case arises under federal law. Questions of whether a claim arises under federal law must be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). Under this rule, the court looks to the plaintiffs' allegations contained in the complaint to determine whether jurisdiction exists, without regard to any possible defenses or peripheral and remote issues that may arise. The mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction. *Id.* at 813.

All of the plaintiffs' claims appear to arise under state law. None of the causes of action are based upon a federal statute or

federal common law issue. In addition, none of the causes of action contain issues of federal law that are essential to the determination of the state law claims. The plaintiffs have attempted to prove that this court has jurisdiction by pointing out that this case involves environmental issues, may involve the United states Department of Agriculture ("USDA"), and may involve the Environmental Protection Agency ("EPA"). Although the court will assume, for the purposes of this motion, that all of these issues may arise in this case, they are peripheral to the plaintiffs' claims and cannot form the basis for federal jurisdiction. *See id.* at 814, n. 11.

The plaintiffs' attempts to show jurisdiction are not sufficient. Each of the plaintiffs' claims are based on state law, with only a peripheral tie, at best, to any federal law issue. Therefore, the court finds that it lacks subject matter jurisdiction and the case must be dismissed under Fed.R.Civ.P. 12(b)(1).

 The plaintiffs state that they feel the court should instruct them on what they need to do to prove jurisdiction in this case because they are proceeding *pro se.* The court has taken into account the fact that the plaintiffs are *pro se* when deciding the motion to dismiss, and has given a very liberal reading to the plaintiffs' complaint and response to the motion. However, the court does not have the duty, or authority, to step into the role of legal advisor for *pro se* parties. It is not the court's role to tell the plaintiffs how to proceed with their case or how to meet their burden of proof on the issue of jurisdiction. Even with the liberal construction given by the court to the arguments raised by the plaintiffs, the plaintiffs have clearly failed to demonstrate that any of their claims arise under federal law.

The plaintiffs have also stated that they feel an injustice will result if this case is dismissed without the court asking the plaintiffs additional questions concerning the claims. The court does not see where any additional information would be beneficial. All of the claims raised in the plaintiffs' complaint arise under state law and it is highly unlikely that any additional information would be helpful to the court in making its determination concerning jurisdiction. It is clear that the proper forum for this dispute is in the state courts.

## IV. CONCLUSION

The court finds that the plaintiffs have failed to meet their burden of showing that this court has subject matter jurisdiction over the claims in this case. Even after giving the plaintiffs' complaint a very liberal reading, it is clear that all of their claims arise under state law. Given the fact that there is no diversity of citizenship and there is no claim arising under federal law, this case must be dismissed under Fed.R.Civ.P. 12(b)(1).

IT IS THEREFORE BY THIS COURT ORDERED that the defendants' Motions to Dismiss (Docs. 6 and 7) are granted. This case is dismissed in its entirety.