Bruce A. WYNN, Plaintiff,

v.

**BOEING MILITARY AIRPLANE
COMPANY, Defendant.**

Civ. A. No. 83–1983.

United States District Court,
D. Kansas.

Oct. 3, 1984.

James S. Phillips, Jr., Wichita, Kan., for plaintiff.

Nola Tedesco Foulston, Foulston, Siefkin, Powers & Eberhardt, Wichita, Kan., for defendant.

## OPINION AND ORDER

THEIS, District Judge.

## I. NATURE OF THE CASE

The plaintiff, Bruce A. Wynn, a former employee of the defendant, Boeing Military Airplane Company (Boeing), has instituted this action to recover damages for alleged racial discrimination in employment. Specifically, the first, second, third and seventh causes of action allege unlawful racial discrimination in termination, pay, and promotions, and racial harassment in violation of 42 U.S.C. § 1981. In addition to these claims, plaintiff, in his fourth cause of action, contends that defendant Boeing expressly and/or impliedly covenanted that it would treat plaintiff fairly and in good faith and that defendant breached this contract.

In his fifth cause of action, Wynn asserts a claim for a breach of a tort duty. Plaintiff asserts that this Court has pendent jurisdiction to consider these latter two claims. Plaintiff has voluntarily abandoned his sixth cause of action. The case is currently before the Court on defendant's motion to dismiss and/or for more definite statement.

## II. PLAINTIFF'S FOURTH CAUSE OF ACTION

Regarding plaintiff's fourth claim, that Boeing breached both an express and an implied covenant to treat plaintiff fairly and in good faith, defendant contends that this jurisdiction adheres to the employment at will doctrine: that, in the absence of a specific contract covering the duration of employment and in the absence of any statutory violation, an employment relationship is terminable at the will of either party with or without cause. *Mitchell v. Stanolind Pipeline Co.*, 184 F.2d 837 (10th Cir. 1950). Defendant's construction of the employment at will theory is incomplete, however, as will be explained below. Plaintiff responds that there are both express and implied covenants that must be considered.

## A. EXPRESS CONTRACTUAL PROVISIONS

As to the express contractual provision, found in section 21.3 of the collective bargaining agreement between employer, employee and union, defendant argues that even if this provision did give rise to an actionable breach of contract claim, plaintiff's failure to exhaust his contractual remedies prior to suit bars any recovery on that theory. Defendant's position regarding the express contractual provision is meritorious.

■ The collective bargaining provision cited by plaintiff specifically states that "a grievance alleging a violation of this section 21.3 shall be subjected to the grievance procedure and arbitration ... if it is filed on behalf of and pertains to a single employee." Defendant is correct in asserting that courts enforce provisions in collective bargaining agreements that provide for grievance procedures by refusing to assert jurisdiction over an action in which an employee has failed even to attempt exhaustion of contractual remedies. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652–53, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1965).

■ Plaintiff alleges exhaustion of state administrative remedies. This sort of exhaustion is not the exhaustion required by the collective bargaining agreement. Plaintiff's claim of a violation of section 21.3 must be exhausted through internal union grievance procedures. Absent exhaustion, this Court has no jurisdiction to decide the merits of plaintiff's claim of breach of express contract. *Vaca v. Sipes*, 386 U.S. 171, 184, 87 S.Ct. 903, 913, 17 L.Ed.2d 842 (1967).

## B. IMPLIED CONTRACTUAL PROVISIONS

■ Independently, plaintiff contends that defendant breached the covenant of good faith implied from public policy. Plaintiff more accurately characterizes the contours of the employment at will doctrine. In absence of a specific contractual provision, an employer may terminate an

employee at will for any reason or for no reason, *but not for a discriminatory reason*. *See, e.g., Tims v. Board of Education*, 452 F.2d 551, 552 (8th Cir.1971); *Slack v. Havens*, 7 FEP Cases 885 (S.D. Cal.1973), *aff'd as modified*, 522 F.2d 1091 (9th Cir.1975). The essence of plaintiff's complaint is that Boeing terminated Wynn for discriminatory reasons.

■ Plaintiff correctly cites *Murphy v. City of Topeka*, 6 Kan.App.2d 488, 630 P.2d 186 (1981), for the proposition that Kansas recognizes public policy limitations on the traditional contract rule of terminability at will. In *Murphy* an employee at will who was fired in retaliation for filing a workers' compensation claim had a cause of action for retaliatory discharge. In short, public policy supported protecting the workers' compensation laws.

Defendant argues that *Murphy* must be read to establish two requirements for an exception to the parameters of the employment at will doctrine: first, that the discharge must violate public policy; and second, that there is no other remedy to protect the discharged employee. Defendant cannot seriously contend that plaintiff's allegations of race discrimination would not be violative of public policy. Instead, defendant suggests that because plaintiff has federal remedies available, he should not be allowed to state a claim under the reasoning in *Murphy*.

Although defendant cites *Murphy, Tarr v. Riberglass*, Civil Action No. 83–4234 (D.Kan., *unpublished*, February 8, 1984), and other cases cited within the *Tarr* opinion, all of these cases involved age discrimination. Boeing is correct in its contention that some courts have held that the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., provides an exclusive remedy for complaints of age discrimination; however, defendant cites no cases that have extended this principle to race discrimination cases. This Court is unwilling to engraft such a requirement onto the law of race discrimination.

Plaintiff suggests a salient reason why the "remedy available" requirement should not apply to race discrimination claims. As plaintiff points out, state and federal race discrimination law is not coextensive. The Kansas common law action may provide remedies not available under federal law and does not have requisites that the federal law possesses. Portions of the language of the state statute, K.S.A. 44–1009 (1981) (Kansas Acts Against Discrimination), are more particular and different than the wording of § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. In addition, Kansas courts in cases such as *McCabe v. Board of Johnson County Commissioners*, 5 Kan.App.2d 232, 236–37, 615 P.2d 780 (1980), have chosen to interpret the Kansas statute in ways different than some of the federal courts have interpreted the aforementioned federal statutes. Thus, even though plaintiff may have a federal remedy available, it is not necessarily duplicative of the state remedy. The Court, therefore, is unwilling to make § 1981 and Title VII plaintiff's exclusive avenues of relief.

■ Since the Court has determined that the other remedy available exception of *Murphy* and *Tarr* should not apply in race discrimination cases, the next question is whether plaintiff's case fits within the public policy requirement of *Murphy*. The cases decided under the Kansas Acts Against Discrimination, upon which plaintiff bases one of his state law claims, and the very existence of the Acts themselves indicate that elimination of racial discrimination is a significant public policy objective in Kansas. *See, e.g., Hutchinson Human Relations Commission v. Midland Credit Management, Inc.*, 213 Kan. 308, 311, 517 P.2d 158 (1973). Thus Wynn's case fits squarely within the ambit of *Murphy*: a discharge based on the impermissible consideration of race is prohibited by the public policy of Kansas.

Furthermore, the allegations of plaintiff's complaint come within the general rule that employment at will may be termi-

nated for any reason or for no reason but not for a discriminatory reason. Thus, under the standard for the grant of a motion to dismiss for failure to state a claim, that plaintiff "can prove no set of facts in support of his claim which would entitle him to relief," *Kennedy v. Meachum*, 540 F.2d 1057, 1060 (10th Cir.1976), the Court finds plaintiff's fourth cause of action does not fail to state a claim upon which relief may be granted.

## III. PLAINTIFF'S FIFTH CAUSE OF ACTION

■ To the extent that defendant urges the same arguments regarding the fifth cause of action as it did regarding the fourth cause of action, the above analysis applies. Boeing's only additional argument concerning the fifth cause of action, which is premised in tort upon the Kansas Acts Against Discrimination, K.S.A. 44–1009 (1981), is that the Court should not exercise pendent jurisdiction. Defendant cites *Davis v. Modine Manufacturing Co.*, 526 F.Supp. 943 (D.Kan.1981), in which this Court declined to exercise pendent jurisdiction over a state civil rights claim brought under K.S.A. 44–1009. The reasons this Court found that pendent jurisdiction was not appropriate in *Modine* are not apposite here.

First, in *Modine* the Court relied on the reasoning of Judge Rogers in *Brown v. Frito-Lay, Inc.*, 15 FEP Cases 1055 (D.Kan.1976), in which the court stated that the scope of remedies under the Kansas Acts Against Discrimination was essentially uncharted. Much has happened in the eight years since the *Brown* decision; even in the three years since the *Modine* decision, a number of cases and law review articles have been published concerning the scope of relief afforded by the Act. *See, e.g., Webb v. City of Leavenworth*, 8 Kan. App.2d 525, 661 P.2d 1 (1983); *Woods v. Midwest Conveyor Co.*, 231 Kan. 763, 648 P.2d 234 (1982); *U.S.D. No. 259 v. Kansas Commission on Civil Rights*, 7 Kan.

App.2d 319, 640 P.2d 1291 (1982); Byrd, *Limiting the Employer's Absolute Right of Discharge: Can Kansas Courts Meet the Challenge?* 29 Kan.L.Rev. 267 (1981).

The second reason this Court adopted in *Modine* was that exercise of pendent jurisdiction would require resolution of many substantive issues concerning the Kansas Act not yet considered in state courts. It must be remembered, however, that the *Modine* case concerned both claims of race and handicap discrimination and this Court focused on the latter in determining that the Act then had not been interpreted by the state courts. The handicap provisions were added only recently, 1974 Kan.Sess. Laws 542. The claim of plaintiff Wynn is solely one of race discrimination, and the Kansas courts have had more time to give this Court guidance concerning race discrimination cases decided under the Act. *See, e.g., Hutchinson Human Relations Commission v. Midland Credit Management, Inc.*, 213 Kan. 308, 517 P.2d 158 (1973); *Londerholm v. Unified School District*, 199 Kan. 312, 430 P.2d 188 (1967).

An additional reason offered by defendants for the Court to deny pendent jurisdiction is the possibility of jury confusion. In a case cited by defendants, *Cancellier v. Federated Department Stores*, 672 F.2d 1312, 1318 (9th Cir.1982), the Court of Appeals for the Ninth Circuit held that jury confusion may result from divergent legal theories. Yet defendant's position has been that the remedies available under state and federal law are coterminous rather than divergent. It is inconsistent for Boeing to advance the argument that plaintiff should be relegated to federal remedies because the state law is coextensive with federal law and at the same time to claim a divergence of state and federal law which might confuse a jury. Whatever the differences may be between state and federal law, defendant presents no reasons why a jury might be confused in the present case. For these reasons, the Court will exercise pendent jurisdiction in the instant case.

## IV. CONCLUSION

 Motions to dismiss for failure to state a claim are not favored and dismissal under Rule 12(b)(6) should be granted with care to avoid improperly denying plaintiff the opportunity to have his claim adjudicated on the merits. *Scheuer v. Rhodes*, 416 U.S. 232, 236–37, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Given the foregoing analysis, the Court can not say as a matter of law that plaintiff has failed to state a claim upon which relief may be granted.

Finally, regarding Boeing's alternative motion for a more definite statement, plaintiff Wynn clearly is not trying to camouflage his arguments. In plaintiff's memorandum in response to defendant's motion to dismiss, plaintiff has given all the particulars which would meet defendant's request for a more definite statement. Accordingly, the motion for a more definite statement is denied.

IT IS THEREFORE ORDERED that defendant's motion to dismiss regarding plaintiff's claim of explicit contractual provisions be granted and that plaintiff be required to exhaust internal grievance procedures before this Court can assume jurisdiction. After plaintiff has exhausted this claim, depending upon the status of the remainder of the case, the Court would consider leave to amend to reassert the claim.

IT IS FURTHER ORDERED that defendant's motion to dismiss for failure to state a claim and in the alternative for a more definite statement is denied.