Kyle R. SCHEIDEMAN, Plaintiff,

v.

SHAWNEE COUNTY BOARD OF COUNTY COMMISSIONERS, et al., Defendants.

Civ. A. No. 95–2113–GTV.

United States District Court, D. Kansas.

July 18, 1995.

William G. Haynes, Frieden, Haynes & Forbes, Topeka, KS, for plaintiff.

Gregory A. Lee, Gehrt & Roberts, Chartered, Topeka, KS, for defendants Shawnee County Bd. of County Com'rs, and Dave Meneley, Sheriff of Shawnee County.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This case is before the court on defendants' motion (Doc. 3) to dismiss plaintiff's complaint for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1), and for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, defendants' motion is denied in part and granted in part.

### I. Background

The Shawnee County Sheriff's Department employed Plaintiff Scheideman from January 8, 1990 to November 8, 1994, when he was terminated by Shawnee County Sheriff Dave Meneley. Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 against the Shawnee County Board of Commissioners and Sheriff Meneley in his individual and official capacity.

In Counts I and II of plaintiff's complaint, he alleges that defendants deprived him of property and liberty interests without due process in violation of the Fourteenth Amendment. Plaintiff seeks redress for the due process violations under 42 U.S.C. § 1983. In Counts III and IV, plaintiff seeks damages for breach of implied contract and for defamation. Plaintiff seeks compensatory and punitive damages, interests and costs, including attorney's fees on the constitutional violations pursuant to 42 U.S.C. §§ 1983 and 1985 and on the state law claims.

Defendants make several arguments in support of their motion to dismiss. First, defendants contend that the court lacks subject matter jurisdiction because plaintiff failed to exhaust his remedies under the grievance procedure provided in a collective bargaining agreement between Shawnee

County and the Fraternal Order of Police. Second, defendants argue the court lacks subject matter jurisdiction because plaintiff failed to comply with the notice requirements under K.S.A. § 12–105b(d) (1991) for a claim against a municipality. Next, defendants argue that because Defendant Sheriff Meneley was acting in his official capacity as Shawnee County Sheriff when he dismissed plaintiff, the claims against him individually should be dismissed. Finally, defendants argue that under the Kansas Tort Claims Act, K.S.A. § 75–6105(c) (1989), plaintiff's claims for punitive damages should be dismissed.

## II. Subject Matter Jurisdiction

■ Generally, the party seeking to invoke federal jurisdiction has the duty to establish that such jurisdiction is proper. *Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir.1974). Since federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction. *Id.* A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Id.;* Fed.R.Civ.P. 12(h)(3). The plaintiffs bear the burden of showing why this case should not be dismissed.

### A. Contractual Grievance Procedure

■ Defendants argue that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction because he did not follow the grievance procedure provided in the collective bargaining agreement between the Fraternal Order of Police and Shawnee County. In support of the motion, defendants have attached a copy of the collective bargaining agreement and the affidavits of Sheriff Meneley and Sandra Jacquot, Shawnee County Counselor, stating that they did not receive a timely grievance or arbitration request from plaintiff. When reviewing a motion to dismiss for lack of subject matter jurisdiction, the court may consider matters outside the pleadings in making its determination. *Matthews v. United States*, 720 F.Supp. 1535, 1536 (D.Kan.1989).

■ The collective bargaining agreement provides a procedure for terminating Shawnee County Sheriff's Department employees.

Under the agreement, an employee must follow a four-step procedure to resolve grievances which includes: (1) a meeting between the employee and the Union Steward; (2) appeal to the Sheriff by the Union Steward; (3) consideration by the County Commission or their designee; and (4) arbitration.

Defendants contend that under *Viestenz v. Fleming Companies, Inc.*, 681 F.2d 699 (10th Cir.), *cert. denied*, 459 U.S. 972, 103 S.Ct. 303, 74 L.Ed.2d 284 (1982), plaintiff's complaint must be dismissed. In *Viestenz*, the court held that a terminated employee subject to a collective bargaining agreement must first seek redress under it. *Viestenz*, 681 F.2d at 701; *see also Wynn v. Boeing Military Airplane Co.*, 595 F.Supp. 727, 728 (D.Kan., 1984) (holding that without exhaustion of internal union grievance procedures, the court has no jurisdiction to decide the merits of a state law contract claim).

Defendants' reliance on *Viestenz* is misplaced in this instance. The general rule requiring exhaustion of contractual remedies does not apply to a situation where constitutional violations are claimed. *Viestenz* and *Wynn* both dealt with state law causes of action. In contrast, the Court in *Patsy v. Florida Bd. of Regents*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), held that federal courts cannot require exhaustion of state administrative remedies in connection with a claim under 42 U.S.C. § 1983. *See also Narumanchi v. Connecticut State University Board of Trustees*, 850 F.2d 70 (2d Cir.1988) (exhaustion of available state remedies, including union grievance proceedings, not required before bringing § 1983 claim in federal court); *Allen v. City of Chicago*, 828 F.Supp. 543, 560 (N.D.Ill.1993); *Hayes v. City of Wilmington*, 451 F.Supp. 696, 715 n. 58 (D.Del.1978).

In addition, plaintiff denies being employed under the collective bargaining agreement. Whether plaintiff was employed under the collective bargaining agreement is an issue that cannot be resolved on the record before the court on the motion to dismiss. Defendants' motion to dismiss plaintiff's complaint for failure to exhaust contractual remedies is denied.

## B. Notice Requirements

Next, defendants argue that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction because plaintiff did not comply with the notice requirements of K.S.A. § 12–105b(d). Section 12–105b(d) provides, in part, that

> any person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action.

■ It is well-established that federal civil rights claims are not subject to the Kansas Tort Claims Act. *E.g., Lee v. Wyandotte County, Kan.,* 586 F.Supp. 236, 239 (D.Kan. 1984). Accordingly, plaintiff's claims under 42 U.S.C. § 1983 are not subject to the notice requirements of K.S.A. § 12–105b(d). The requirements, however, may be applicable to plaintiff's state law claims. *Id.* In *Tucking v. Jefferson County Board of Comm'rs,* 14 Kan.App.2d 442, 445, 796 P.2d 1055, 1057 (1990), the court held that the notice requirement in K.S.A. § 12–105b(d) is mandatory and a condition precedent to bringing a tort claim against a municipality. The notice requirement only applies to claims giving rise to actions under the Kansas Tort Claims Act against a municipality.[1] Prior notice is not required before contract claims are filed. *Wiggins v. Housing Auth. of Kansas City, Kansas,* 19 Kan.App.2d 610, 873 P.2d 1377, 1380 (1994).

Defendants have not presented any evidence that plaintiff did not file the required notice under section 12–105b(d). Plaintiff, however, bears the burden of establishing jurisdiction. Plaintiff does not argue that written notice was provided, but instead asserts that it is not required.

■ Plaintiff's claim for defamation falls within the scope of the Kansas Tort Claims Act. Plaintiff has failed to establish that he has fulfilled the condition precedent to filing suit against the County on a claim subject to the Kansas Tort Claims Act. The court concludes that plaintiff's claim for defamation against defendant Shawnee County Board of Commissioners must be dismissed for lack of jurisdiction. Because plaintiff's constitutional claims under § 1983 and his breach of implied contract claim are not subject to the notice requirements, those claims will not be dismissed. Also, because K.S.A. § 12–105b(d) applies only to municipalities, it does not preclude plaintiff's claims against Defendant Sheriff Meneley in his individual capacity.

### III. Failure to State a Claim

In ruling on a motion to dismiss for failure to state a claim, the court must assume the truth of all well-pleaded facts in plaintiff's complaint and view them in the light most favorable to plaintiff. *Zinermon v. Burch,* 494 U.S. 113, 118, 110 S.Ct. 975, 979, 108 L.Ed.2d 100 (1990); *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). All reasonable inferences must be indulged in favor of plaintiff, *Swanson,* 750 F.2d at 813, and the pleadings must be liberally construed. *Gas-A-Car, Inc. v. American Petrofina, Inc.,* 484 F.2d 1102 (10th Cir.1973); Fed.R.Civ.P. 8(a). The issue in reviewing the sufficiency of a complaint is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974). The court may not dismiss a case for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Fed.R.Civ.P. 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not be factually detailed but it "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. at 103. Similarly, "allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement

---

1. The definition of municipality under the Tort Claims Act includes a county subdivision. K.S.A. § 75–6102(b).

of the claim." *Bryan v. Stillwater Board of Realtors,* 578 F.2d 1319, 1321 (10th Cir.1977). While a plaintiff is not required to precisely state each element of the claim, Rule 8(a) nevertheless requires minimal factual allegations on those material elements that must be proved to recover. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

## A. Official Capacity

■ Defendants argue that plaintiff's claims against Defendant Sheriff Meneley individually should be dismissed for failure to state a claim because he was acting in his official capacity as Shawnee County Sheriff when he dismissed plaintiff. Under 42 U.S.C. § 1983, a plaintiff may bring claims against a government official in both his individual and official capacity. In *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), the court explained the differences between the two types of suits:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York Dept. of Social Services,* 436 U.S. 658, 690 n. 55 [98 S.Ct. 2018, 2036 n. 55, 56 L.Ed.2d 611] (1978).... On the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.

*Id.* 473 U.S. at 165–66, 105 S.Ct. at 3104–05 (citations omitted). The court finds that plaintiff has stated a claim of deprivation of federal constitutional rights by Sheriff Meneley while acting under color of state law. The court denies the motion to dismiss plaintiff's claims against Defendant Sheriff Meneley in his individual capacity.

## B. Punitive Damages

Finally, defendants contend that plaintiff's claims for punitive damages must be dismissed for failure to state a claim. Defendants argue that the Kansas Tort Claims Act, K.S.A. § 75–6105(c), precludes plaintiff's claim for punitive damages. K.S.A. § 75–6105(c) provides,

> A government entity shall not be liable for punitive or exemplary damages or for interest prior to judgment. An employee acting within the scope of the employee's employment shall not be liable for punitive or exemplary damages or for interest prior to judgment, except for any act or omission of the employee because of actual fraud or actual malice.

■ As discussed above, federal civil rights claims are not subject to the Kansas Tort Claims Act. *Lee,* 586 F.Supp. at 239. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), however, precludes an award of punitive damages against a governmental authority on 42 U.S.C. § 1983 claims. *See also Wulf v. City of Wichita,* 883 F.2d 842, 856 n. 19 (10th Cir.1989); *Harris v. Board of Public Utilities,* 757 F.Supp. 1185 (D.Kan.1991); *Polson v. Davis,* 635 F.Supp. 1130, 1145 (D.Kan.1986). Individual defendants sued in their official capacities are also immune to punitive damages. *Harris,* 757 F.Supp. at 1195. Individual defendants sued in their individual capacity, however, may be liable for punitive damages to plaintiff if the official's conduct "is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983).

Accordingly, plaintiff's request for punitive damages based on his § 1983 claims against Defendant Shawnee County Board of County Commissioners is dismissed. The court concludes that plaintiff has stated a claim for punitive damages against Defendant Sheriff Meneley in his individual capacity.

As the court also discussed above, plaintiff's claim for defamation is the only claim subject to the Kansas Tort Claims Act. Under section 75–6105(c), plaintiff's claim for punitive damages based upon defamation must be dismissed as to defendant Shawnee County Board of Commissioners. *See Polson v. Davis,* 635 F.Supp. 1130, 1152 (D.Kan. 1986) (city could not be forced to pay punitive damages under defamation count). Defen-

dant Sheriff Meneley could be liable for punitive damages under the defamation count if plaintiff proves he acted with actual malice as required under section 75–6105(c).

■ Finally, punitive damages are not available on a claim for breach of implied contract under Kansas law. *Panis v. Mission Hills Bank,* 1993 WL 390399 (D.Kan. 1993). Accordingly, plaintiff's claim for punitive damages based on the breach of implied contract count is dismissed as to both defendants.

### IV. Conclusion

Defendants' motion to dismiss for lack of subject matter jurisdiction for plaintiff's failure to follow the grievance procedures under the collective bargaining agreement is denied. Defendants' motion to dismiss for lack of subject matter jurisdiction based upon plaintiff's failure to comply with the notice requirements of K.S.A. § 12–105b(d) is granted only as to plaintiff's defamation claim against Defendant Shawnee County Board of Commissioners. Defendants' motion to dismiss plaintiff's claims against Defendant Sheriff Meneley in his individual capacity is denied. Defendants' motion to dismiss plaintiff's claim for punitive damages is granted with respect to all claims against Defendant Shawnee County Board of County Commissioners. Plaintiff's request for punitive damages based upon his § 1983 claims and the defamation count as to defendant Sheriff Meneley in his individual capacity remains in the case.

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion to dismiss (Doc. 3) is granted in part and denied in part as stated in this memorandum and order.

**IT IS SO ORDERED.**