**MARLANA G., a Minor, Through Her Parents Nancy and Troy ODLE, as Best Friends and Nancy and Troy Odle on Their Own Behalf, Plaintiffs,**

v.

**UNIFIED SCHOOL DISTRICT NO. 497, DOUGLAS COUNTY, KANSAS; Board of Education of Unified School District No. 497; Matthew Fearing, Vice–Principal; Patricia Bransky, Principal; and Douglas Eicher, Director of Special Education; All Individually and in Their Official Capacities as Employees and Agents of Unified School District No. 497, Defendants.**

No. 99–4177–DES.

United States District Court, D. Kansas.

Oct. 26, 2001.

Fred W. Rausch, Jr., Fred W. Rausch, Jr., Chtd., Topeka, KS, for Plaintiffs.

W. Joseph Hatley, Lathrop & Gage L.C., Overland Park, KS, Gail A. Goeke, Lathrop & Gage L.C., Kansas City, MO, for Defendants.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants' Motion to Dismiss (Doc. 7). All named defendants join in the instant motion. In this action, plaintiffs are seeking compensatory damages and other relief pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.;* the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.;* the Civil Rights Act of 1871; 42 U.S.C. § 1983; and the Special Education for Exceptional Children Act, Kan.Stat. Ann. § 72–961 *et seq.* Plaintiffs have filed a Response (Doc. 9) in opposition, and defendants have filed a Reply (Doc. 11).[1] For the following reasons, defendants' motion will be granted.[2]

### I. BACKGROUND

In their complaint, plaintiffs allege Marlana G. is a female minor who suffers from

---

**1.** Plaintiffs filed a Surreply (Doc. 12) without leave of the court. The court, therefore, has not considered this filing within its analysis of the pending motion to dismiss.

**2.** Defendants originally filed a Motion to Dismiss (Doc. 2) prior to plaintiffs filing an Amended Complaint (Doc. 4). This first motion states the identical ground for dismissal

several disabling conditions. These conditions apparently include Pervasive Developmental Disorder and Aspergers Syndrome, a high-functioning form of Autism. It is further alleged, in contravention of the above federal and state laws, that defendants have failed and/or refused to provide Marlana G. with a free appropriate public education. Defendants seek dismissal, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, premised on the single assertion that plaintiffs have failed to properly exhaust their administrative remedies prior to bringing this action.

## II. STANDARD OF REVIEW

Unlike dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir.1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). "A court lacking jurisdiction 'must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking.'" *Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F.Supp. 279, 280 (D.Kan.1995) (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974)). *See also* Fed.R.Civ.P. 12(h)(3).

A Rule 12(b)(1) motion may be treated either as a facial or factual challenge to the court's subject matter jurisdiction. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir.1995). If the motion is treated as a facial attack, the court may consider only the allegations contained in the complaint, and the court must accept the allegations as true. *Id.* In sum, a facial attack questions the sufficiency of the complaint. *Id.*

On the other hand, a factual challenge differs in both strategy and procedure:

[A] party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such circumstances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

*Id.* at 1003 (internal citations omitted). In the present matter, defendants limit their arguments to the allegations contained within plaintiffs' complaint, so the court will interpret defendants' motion as a facial challenge to the court's subject matter jurisdiction.

## III. DISCUSSION

### A. Purpose and Procedure of the Individuals with Disabilities Education Act

The IDEA is a comprehensive statute enacted to ensure that all children with

as the current pending motion, so the court will deny the first motion as moot.

disabilities have access to a free and appropriate public education designed to meet their unique needs. 20 U.S.C. § 1400(d). *See generally Honig v. Doe,* 484 U.S. 305, 309, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988). This goal is primarily achieved with the adoption and implementation of individualized education programs ("IEP"), which the act requires to be specifically tailored to address the particular needs of each child. 20 U.S.C. §§ 1401(11), 1414(d). "The IEP is a written statement that sets forth the child's present performance level, goals and objectives, specific services that will enable the child to meet those goals, and evaluation criteria and procedures to determine whether the child has met the goals." *Association for Community Living in Colorado v. Romer,* 992 F.2d 1040, 1043 (10th Cir.1993).

States that receive financial assistance under the IDEA must maintain procedures "to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of free appropriate public education...." 20 U.S.C. § 1415(a). Central to these procedures is a parent's right to file a complaint seeking review of a particular course of conduct undertaken by the school district in relation to their child's education. *Id.* § 1415(b)(6) ("[t]he procedures by this section shall include— an opportunity to present complaints with respect to any matter relating to the identification, evaluation, or educational placement of the child, or provision of a free appropriate public education to such child"). A parent who files a complaint is entitled to "an impartial due process hearing" conducted by either a state or local educational agency. *Id.* § 1415(f). If the hearing is conducted at the local level, the parent may appeal to the state educational agency. *Id.* § 1415(g). Finally, the IDEA allows for judicial review of the state's final decision. *Id.* § 1415(i)(2).

To facilitate these due process requirements, Kansas has, within the Special Education for Exceptional Children Act, adopted a two-step administrative review process. Kan.Stat.Ann. § 72–973. First, a parent is entitled to receive a local due process hearing conducted by a hearing officer selected with the parent's approval. *Id.* If the parent is unsatisfied by the hearing officer's determination, an appeal may be brought before the Kansas State Board of Education. *Id.* § 72–974. In the present case, plaintiffs admit they have not availed themselves of the state's administrative review process, but, instead, plaintiffs have directly brought the instant civil action.

**B. Failure to Exhaust Administrative Remedies**

 It is well established that judicial review under the IDEA is normally not available until a plaintiff has exhausted available administrative remedies. *Honig,* 484 U.S. at 326–27, 108 S.Ct. 592. *See also Hayes v. Unified Sch. Dist. No. 377,* 877 F.2d 809, 812–13 (10th Cir.1989). As identified by the Tenth Circuit, this exhaustion requirement serves the following purposes:

(1) permitting the exercise of agency discretion and expertise on issues requiring these characteristics; (2) allowing the full development of technical issues and a factual record prior to court review; (3) preventing deliberate disregard and circumvention of agency procedures established by Congress; and (4) avoiding unnecessary judicial decisions by giving the agency the first opportunity to correct any error.

*Romer,* 992 F.2d at 1044 (internal citation and quotation marks omitted). On the other hand, the Tenth Circuit has also identified three exceptions to the exhaustion requirement. A plaintiff need not exhaust available administrative remedies

where: (1) exhaustion would be futile; (2) exhaustion would fail to provide adequate relief; or (3) an agency has adopted a policy of general applicability that is contrary to the law. *Id.*

■ In the present case, plaintiffs argue their failure to exhaust the administrative remedies is excused because such remedies are "not adequate." (Pls.Resp. at 9). The court interprets this assertion as an attempt to invoke the first two exceptions. The Tenth Circuit outlined the breadth of these exceptions when it noted: "Administrative remedies are generally inadequate or futile where plaintiffs allege structural or systematic failure and seek systemwide reforms." *Romer*, 992 F.2d at 1044. Under this standard, the court is unconvinced plaintiffs' allegations satisfy the futility or adequacy exception. Specifically, plaintiffs assert defendants failed in properly formulating and/or implementing Marlana G.'s IEPs. Such allegations address particular inadequacies within a single participating child. They do not "target structural or due process concerns," and as such, plaintiffs' allegations fail to meet the requirements of the first two exceptions. *Id. See also Urban v. Jefferson County Sch. Dist. R–1,* 89 F.3d 720, 725 (10th Cir.1996) (holding plaintiff was required to exhaust administrative remedies for his challenge to the IEP developed by his school district because his claims directed at a single IEP were not systematic).

Plaintiffs present a second justification for their failure to exhaust administrative remedies. Plaintiffs argue that because they presently seek additional remedies beyond the scope of the IDEA, they should be excused from the IDEA's exhaustion requirement. In support, plaintiffs rely exclusively on *Padilla v. School Dist. No. 1,* 35 F.Supp.2d 1260 (D.Colo.1999). Since plaintiffs drafted their papers, however, the Tenth Circuit has handed down its decision reversing in part the district court's decision in *Padilla. Padilla v. School Dist. No. 1,* 233 F.3d 1268 (10th Cir.2000). Significant to the present issue, in *Padilla,* the circuit court rejected the contention that a putative IDEA plaintiff can avoid exhaustion based solely on the character of the ultimate remedy sought.[3] The this end, the Tenth Circuit stated:

> Thus, our primary concern in determining whether a plaintiff must utilize the IDEA's administrative procedures relates to the source and nature of the alleged injuries for which he or she seeks a remedy, *not the specific remedy itself.* In essence, the dispositive question generally is whether the plaintiff has alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies. If so, exhaustion of those remedies is required. If not, the claim necessarily falls outside the IDEA's scope, and exhaustion is unnecessary.

*Id.* at 1274 (emphasis added) (internal citation omitted).

■ In the present case, plaintiffs' primary allegations are squarely focused on the perceived failures of defendants to properly develop and implement Marlana G.'s IEPs, so depriving her of a free and appropriate public education. These allegations are by their very nature directly addressable by the IDEA. *Cf. Padilla,* 233 F.3d at 1274–75 (finding plaintiff need not exhaust administrative remedies because allegations were strictly limited to non-IDEA addressable injuries). For this reason, the court rejects plaintiffs' proffered justification.

---

3. In a related, but presently unreached issue, the Tenth Circuit also held that 42 U.S.C. § 1983 causes of action may not be used to remedy IDEA violations. *Padilla,* 233 F.3d at 1273–74.

## IV. CONCLUSION

Having concluded exhaustion was necessary in this case, and in light of plaintiffs' failure to do so, the court finds it is lacking subject matter jurisdiction over this matter. According to the standard elucidated above, the court is compelled to grant defendants' motion to dismiss.

**IT IS THEREFORE BY THIS COURT ORDERED** that defendant's Motion to Dismiss (Doc. 7) is granted.

**IT IS FURTHER BY THIS COURT ORDERED** that defendant's Motion to Dismiss (Doc. 2) is denied as moot.